IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony James, | C/A No.: 1:14-1161-TMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Ms. Leggins, Mailroom Coordinator; David Tatarsky, SCDC General Counsel; and Jon Ozmint, Former SCDC Director, | |
| Defendants. | |

  Anthony James, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his right to due process and right to court access while incarcerated at McCormick Correctional Institution. [Entry #1 at 2]. Plaintiff additionally files a motion for supplemental jurisdiction [Entry #3] and motion for summary judgment. [Entry #4]. Plaintiff names the following defendants: Ms. Leggins, Mailroom Coordinator; David Tatarsky, SCDC General Counsel; and Jon Ozmint, Former SCDC Director (collectively "Defendants").

  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process. The undersigned

1

further recommends that Plaintiff's motion for supplemental jurisdiction and motion for summary judgment be denied.

I.      Factual and Procedural Background

Plaintiff alleges that three state civil complaints have been dismissed for lack of proper service due to a prison policy, PS-10.08, which restricts indigent inmates from serving process via "restricted delivery–certified mail." [Entry #1 at 3; Entry #4 at 3]. Plaintiff identifies the state civil actions at C/A No. 2010-CP-10-1193, C/A No. 2010-CP-10-3394, and C/A No. 2013-CP-10-5487. [Entry #1 at 3]. Plaintiff claims that Ozmint approved the allegedly unconstitutional policy. *Id.* Leggins and Tatarsky are allegedly aware of the policy, but have failed to "repeal or amend the policy to correct the unconstitutionality." *Id.* at 4. Plaintiff asks the court to exercise supplemental jurisdiction over state law claims of administrative malpractice and abuse of authority. [Entry #3 at 1]. Plaintiff seeks damages and injunctive relief. [Entry #1 at 4–5; Entry #4 at 3–4].

II.     Discussion

A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.

2

25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Denial of due process

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to

3

state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff provides only a conclusory statement that Defendants violated his right to due process. [Entry #1 at 2]. While Plaintiff references a two-year delay in receiving a final decision for prison grievances associated with the dismissal of his state cases, *id.* at 3, prisoners have no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Defendants' alleged failure to timely respond to Plaintiff's grievances does not state a cognizable due process claim under § 1983.

2. Denial of court access

Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 353 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

4

Plaintiff alleges that Defendants' failure to allow indigent prisoners to serve state court defendants by certified mail resulted in the dismissal of three important state civil actions. [Entry #1 at 3]. However, Plaintiff has previously filed a lawsuit in this court against Ozmint, asserting this claim in relation to one of the state court cases cited in the instant complaint, C/A No. 2010-CP-10-1193.[1]  *See James v. Ozmint*, C/A No. 1:11-1646-TMC, 2011 WL 5149185 (D.S.C. Oct. 31, 2011) ("*James I*").  In *James I*, the court took judicial notice of state court records, which contained a declaration of service stating that Plaintiff attempted service by delivering the summons and complaint to prison mailroom personnel.  *Id.* at *2.  However, Plaintiff provided no information in the declaration to indicate that his "attempts to serve the summons and complaint [were] thwarted due to SCDC policy." *Id.* Thus, the court summarily dismissed Plaintiff's claims against Ozmint in *James I* for failure to demonstrate that the prison's mail policy resulted in an actual injury to the state court action.  *Id.*  In the instant case, Plaintiff's claims against Defendants related to his purported inability to serve C/A No. 2010-CP-10-1193 are likewise subject to summary dismissal.  *See Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.") (quoting *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings.  *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

State court records in C/A Nos. 2010-CP-10-3394 and 2013-CP-10-5487 show that Plaintiff's sister has been appointed as his guardian ad litem for the limited purpose of effectuating service of process.[2] *See* Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (last visited Apr. 22, 2014). As state court records reflect that the prison mail policy did not prevent service in C/A Nos. 2010-CP-10-3394 and 2013-CP-10-5487, Plaintiff's court access claims associated with these state actions should also be summarily dismissed.

### 3.    Supplemental jurisdiction

The federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case). Thus, it is recommended that Plaintiff's motion for supplemental jurisdiction be denied. [Entry #3].

## III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process, and that Plaintiff's motion for

---

[2] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

supplemental jurisdiction [Entry #3] and motion for summary judgment [Entry #4], which was filed prematurely, be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 22, 2014                               Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).