IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Anthony James,                              )
                                            )          C/A No. 1:14-1161-TMC
                        Plaintiff,          )
                                            )
        v.                                  )          **OPINION & ORDER**
                                            )
                                            )
Ms. Leggins, Mailroom Coordinator;          )
David Tatarsky, SCDC general Counsel,       )
and Jon Ozmint, SCDC Director,              )
                                            )
                        Defendants.         )
                                            )

   Plaintiff Anthony James ("James"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny James' Motions for Supplemental Jurisdiction and for Summary Judgment (ECF Nos. 3 and 4), and dismiss the Complaint without prejudice and without service of process. (ECF No. 11). Petitioner timely objected to the Report. (ECF No. 13).

   The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Facts/Background

In his Complaint, James alleges that three actions he filed in state court have been dismissed for lack of proper service because of an allegedly unconstitutional prison policy, PS-10.08, which prohibits inmates from serving a complaint through restricted delivery or certified mail. James alleges the defendants approved or failed to repeal or amend PS-10.08. In his Complaint, James raises claims under §1983 for the denial of due process and denial of court access, and state law claims for administrative malpractice and abuse of authority. (ECF No. 1). James also has filed a motion requesting that the court exercise supplemental jurisdiction over the state law claims of administrative malpractice and abuse of authority. (ECF No. 3).

## II. Discussion

The magistrate judge recommends James' denial of due process claim be dismissed because James' allegations regarding untimely response to his grievances are not cognizable due process claims under §1983. Further, the magistrate judge found that PS-10.08 did not prevent James from serving his state court complaints because two of the state actions were served, and in regard to the third complaint, James did not provide any information that PS-10.08 resulted in his inability to serve the complaint. Additionally, the magistrate judge recommends that the court decline to exercise supplemental jurisdiction over James' state law claims.

In his objections, James contends that the magistrate judge erred in relying on a prior federal action which was dismissed without prejudice, *James v. Ozmint*, C/A No. 1:11-1646-TMC, 2011 WL 5149185 (D.S.C. Oct. 31, 2011)("*James I*"). Actually, the magistrate judge refers to *James I* and merely adopts the reasoning in *James I*. (Report at 5). In *James I*, the court discussed that James' state court action was dismissed because James did not serve the Attorney General and there was nothing in the state court documents, including James' own declaration, about James' attempts to serve being thwarted by PS-10.08. Accordingly, the court finds James' objections to be without merit.

2

In his objections, James also acknowledges that one of the state court actions is still pending and his sister is acting a guardian for him, but he contends that having to ask his sister for help "placed <u>a substantial risk of causing harm to [his] personal relationship with [his] sister. . .</u>" (Objections at 4)(emphasis in original).  Such speculative and tenuous damages unrelated to the court action, however, are not the type of injury needed to support a denial of access to court claims.

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries, or adequate assistance from prisoners trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). When alleging denial of access to the courts, a prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. *Cochran v. Morris*, 72 F.3e 1310 (4th Cir.1996).  Actual injury sufficient to sustain a cause of action for denial of access to the courts is present where, for example, an inmate deprived of legal materials is unable to meet court imposed deadlines as a result of the deprivation. *Roman v. Jeffes*, 904 F .2d 192, 198 (3d Cir.1990). Actual injury occurs when a prisoner demonstrates that a non-frivolous and arguable claim was lost because of the denial of access to the courts.  *Lewis*, 518 U.S. at 352-352.  The potential impact on James' relationship with his sister is not the type of actual injury which would establish a denial of access claim. Accordingly, this objection is without merit.

James does not specifically object to the magistrate judge's recommendation that, if the federal claims are dismissed, the court should decline to exercise supplemental jurisdiction over James' law claims. (Report at 6).  When a federal court dismisses the federal claims in an action and diversity does not exist, the court may in its discretion choose not to exercise its supplemental jurisdiction and dismiss the pendant state law claims. 28 U.S.C. § 1367(c)(3); *Clinton v. Cnty., of York*, 893 F.Supp. 581, 588 (D.S.C.1995). The court exercises its discretion

here and dismisses the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, James' motion to exercise supplemental jurisdiction (ECF No. 3) is denied .

### III.  Conclusion

Based on the foregoing, the court adopts the Report.  Therefore, this action is dismissed without prejudice and without issuance and service of process, and Plaintiff's Summary Judgment (ECF No. 4) is **DENIED**. Further, the court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action and Plaintiff's Motion for Supplemental Jurisdiction (ECF No. 3) is **DENIED**. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 11, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.